PRESENT: Lemons, C.J., Goodwyn, Millette, Mims, McClanahan, and Powell, JJ., and Koontz, S.J.

EE MART F.C., L.L.C.

OPINION BY
v.   Record No. 140708           JUSTICE CLEO E. POWELL
                                 FEBRUARY 26, 2015
SUZANNE DELYON, ET AL.


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Brett A. Kassabian, Judge

EE Mart F.C., L.L.C. ("EE Mart"), appeals the judgment of the trial court ordering it to pay sanctions under Code § 8.01-271.1.  Specifically, EE Mart takes issue with the trial court's award of attorney's fees that were incurred as a result of actions filed by EE Mart in other jurisdictions.

I.   BACKGROUND

EE Mart is a Virginia limited liability company that owned and operated an international grocery store in Merrifield, Virginia.  Suzanne Delyon ("Delyon") is the former chief financial officer of EE Mart.  She is also the owner of SDES, LLC; Expo Emart, LLC; Expo Emart I, LLC; and Expo Emart III, LLC (collectively the "Other LLCs").

On May 24, 2010, EE Mart brought an action against Delyon and the Other LLCs in Fairfax County Circuit Court alleging wrongful conversion and other claims (the "Original Action"). These claims related to insurance proceeds paid to Delyon by

Traveler's Insurance Company ("Traveler's"). On the eve of trial, EE Mart nonsuited the case.

In October 2011, EE Mart brought an action against Traveler's in the Circuit Court of Carroll County, Maryland (the "Maryland Action"). This action related to Traveler's payment of the insurance proceeds to Delyon. Traveler's subsequently removed the case to federal court. After the case was removed to federal court, EE Mart amended its complaint to add Delyon and the Other LLCs as defendants. The claims brought by EE Mart against Delyon and the Other LLCs were, for the most part, the same as the claims it brought against them in the Original Action. However, EE Mart also brought a civil RICO claim against Delyon and the Other LLCs to avoid losing federal jurisdiction over the matter because of a lack of diversity. Delyon and the Other LLCs filed a motion to dismiss the RICO claim, and the motion was sustained by the district court. The case was transferred back to the Circuit Court of Carroll County, where it is still pending.

On June 15, 2012, Delyon and the Other LLCs filed the present action in Fairfax County Circuit Court (the "Present Action"), seeking to enjoin EE Mart from proceeding with the Maryland Action and seeking declaratory judgment that the Maryland Action was without merit. On November 6, 2012, EE Mart filed a counterclaim against Delyon and the Other LLCs,

reasserting the same claims it had pled in the Original Action. In their answer to the counterclaim, Delyon and the Other LLCs sought sanctions under Code § 8.01-271.1 on the grounds that the assertions in the counterclaim were frivolous and based on false statements.

On August 23, 2013, EE Mart's attorneys were granted leave to withdraw from the case. EE Mart failed to engage new attorneys. As a result, EE Mart did not file a witness list or exhibit list prior to trial or otherwise participate in pretrial activities. Accordingly, the trial court determined that EE Mart had abandoned its counterclaim. After hearing the evidence presented by Delyon and the Other LLCs, the trial court ruled in their favor. The trial court also entered a judgment order dismissing EE Mart's counterclaim with prejudice, finding that the counterclaim was "frivolous and without support in law or fact."

Delyon and the Other LLCs then made an oral application for sanctions against EE Mart, claiming that the Original Action, Maryland Action and the counterclaim to the Present Action were frivolous. In their motion, they sought the total amount of attorney's fees that they had expended in defending against the Original Action and the Maryland Action, as well as the attorney's fees expended in the Present Action. Relying on Code

§ 8.01-271.1, the trial court granted the motion and awarded $25,550 in attorney's fees.[1]

EE Mart subsequently retained an attorney and timely filed a motion for reconsideration. In its motion for reconsideration, EE Mart argued that its various litigation filings were not frivolous and that the calculation of the attorney's fees was in error. The trial court denied the motion for reconsideration.

EE Mart appeals.

## II.  ANALYSIS

In its appeal, EE Mart argues that the trial court abused its discretion in determining the amount of sanctions to award because it "overreached and exceeded the bounds of its jurisdiction." Specifically, EE Mart takes issue with the fact that the sanctions award included attorney's fees that Delyon and the Other LLCs had incurred in suits that pre-dated the filing of the Present Action or were tried in other jurisdictions. According to EE Mart, the proper procedure for seeking those sanctions would be a timely application in the actual action or court in which Delyon and the Other LLCs incurred those attorney's fees.

---

[1] This amount represented the full and exact amount Delyon and the Other LLCs sought to recover in attorney's fees.

As an initial matter, it is important to note that EE Mart does not assign error to the fact that sanctions were awarded. Rather, it only assigns error to the trial court's calculation of the attorney's fees it ultimately awarded as a sanction. Accordingly, our analysis in the present case is limited to whether the trial court's calculation of attorney's fees was proper.

Code § 8.01-271.1 expressly limits the amount that may be awarded to an appropriate sanction, which may include those attorney's fees and expenses "incurred <u>because</u> of the filing of the pleading, motion, or other paper or making of the motion." (Emphasis added.) See <u>Oxenham v. Johnson</u>, 241 Va. 281, 289-90, 402 S.E.2d 1, 6 (1991) (holding that an award of attorney's fees is limited to fees incurred in responding to the sanctionable pleading in the present action). The use of the phrase "incurred because of" clearly indicates that a court cannot award attorney's fees or expenses for actions that occurred prior to the sanctionable act. <u>Cf.</u> <u>Cardinal Holding Co. v. Deal</u>, 258 Va. 623, 632, 522 S.E.2d 614, 619 (1999) (permitting "a recovery of such fees and expenses incurred in defending against an unwarranted claim, but also a recovery of those fees and expenses incurred in pursuing a sanctions award arising out of such a claim").

Furthermore, because a trial court's authority to award sanctions under Code § 8.01-271.1 is triggered by the filing of a pleading, motion, or other paper or making of a motion in violation of the statute, while not expressly stated, the clear implication is that the filing or making of the motion must occur in the same action and same court that subsequently awards the sanctions. To hold otherwise would contravene the finality guaranteed by Rule 1:1, because a trial court's authority to award attorney's fees as sanctions to related but previously litigated matters could be extended beyond 21 days after final judgment has been entered. It could also effectively impose the requirements of Code § 8.01-271.1 on every litigant in every court in the country by allowing a party to seek sanctions in Virginia for filings or motions made elsewhere.[2] Thus, under Code § 8.01-271.1, a trial court may only award attorney's fees incurred because of a filing or motion made to the trial court in the matter then pending before the court; it may not award attorney's fees incurred for a filing or motion made elsewhere.

---

[2] That is not to say, however, that evidence of similar frivolous suits may not be considered in determining whether an award of sanctions is warranted. Indeed, such evidence may be highly probative for such a purpose. Rather, as discussed above, our holding today addresses only the principle that, when determining the amount of sanctions to award, a trial court is limited to the attorney's fees incurred as a result of a filing or motion made in the case presently before it.

Here, it is undisputed that the sanctions award included attorney's fees that were not "incurred because of" any filing or motion made in the Present Action.  Indeed, it is readily apparent that the sanctions award included attorney's fees for actions that not only pre-dated any filing by EE Mart in the Present Action, but also actions that occurred in a different state.  Accordingly, the trial court erred in its calculation of the attorney's fees it could award as a sanction.

## III.  CONCLUSION

For the foregoing reasons, we will reverse the judgment of the trial court with regard to the amount of sanctions awarded and we will remand the matter to the trial court for further proceedings in accord with this opinion to calculate the proper amount of attorney's fees to be awarded.

<u>Reversed and remanded.</u>